**CHAO JIN LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States of America [1], Respondent.**

**No. 06–4094–ag.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2007.

Steven A. Mundie, Baron Mundie & Shelkin PC, New York, NY., for Petitioner.

Erica B. Miles (Peter D. Keisler, Assistant Attorney General, Linda S. Wernery,

Assistant Director, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC., for Respondent.

Present: JOSEPH M. MCLAUGHLIN, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Petitioner Chao Jin Lin ("Lin"), a native of the People's Republic of China, seeks review of an August 2, 2006 order of the BIA affirming the decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Chao Jin Lin,* No. A97 949 916 (B.I.A. Aug. 2, 2006), *aff'g* No. A97 949 916 (Immig. Ct. N.Y. City Feb. 15, 2005). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The IJ found Lin not credible. The BIA agreed and, without rejecting any of the IJ's grounds for decision, emphasized particular aspects of that decision. This Court therefore reviews both the BIA's and IJ's opinions, including the portions of the IJ's opinion not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review an IJ's factual findings under the substantial evidence standard and afford particular deference to the credibility determinations of the IJ. *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005). "[R]eview of a credibility finding is conducted on the record as a whole."

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

*Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Jin Chen,* 426 F.3d at 113 ("We will affirm if the IJ's finding is supported by evidence that is 'reasonable, substantial, and probative' when considered in light of the record as a whole.") (citation omitted). Even where the IJ or the BIA relies on inconsistencies that "if taken separately, concern matters 'collateral or ancillary to the claim,' the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin,* 446 F.3d at 402 (citation omitted).

On appeal, Lin challenges the adverse credibility determination on the ground that he adequately established a sincere belief in Christianity and fully explained the perceived inconsistencies that were the basis of the IJ's denial of relief. We disagree. The adverse credibility finding is supported by substantial evidence. The BIA emphasized that Lin inconsistently testified as to when he accepted Christianity. According to the BIA, Lin testified that "he had followed his parent's [sic] Christian religion since he was a child and attended services." Further, a letter from Lin's parents "indicated that [he] took an active part in church activities ... accepted Christ in October 2002 and was baptized in June 2003." Lin himself stated that he accepted Christ at a fellow parishioner's home in 2002, but was not baptized until 2003. These claims conflict with Lin's testimony at his credible fear interview that he "recently got interested in Christianity and went to a nearby Church to see what they talked about and to try to get more information," and that "[w]hen I ran away I had just started to follow Christianity." Lin's testimony that his interest in Christianity was "recent" and that he "had just started to follow" the religion was also inconsistent with testimony that he was first exposed to Christianity by his parents as a child.

Lin was also nonresponsive to the IJ's questioning regarding certain issues, such as how he accepted Christ as his savior in 2002. The BIA and IJ noted that the "[i]ncidences of the non-responsiveness of the respondent [were] numerous and apparent." The record also presents inconsistencies highlighted by the IJ, but not the BIA, that cast doubt upon the petitioner's credibility, most notably Lin's inability to name the pastor of his current church.

The BIA may have erred in emphasizing Lin's inability to answer what the IJ deemed to be "basic" questions regarding Christian sacraments. The significance of Lin's perceived lack of knowledge in this area depends on the nature and significance of the sacraments in the denomination to which he belonged, a question with respect to which the record is silent. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006) (doctrinal ignorance cannot be held against an applicant who does not purport to be an expert in or have a deep understanding of the religion). Any error in this regard was not significant, however, in light of the plethora of inconsistencies in the record as a whole, which together provide substantial evidence for the finding that Lin was not credible. Accordingly, while some of the findings, when evaluated individually, may concern matters that are collateral or ancillary to Lin's claim, the IJ and BIA properly relied on the cumulative effect of these inconsistencies in arriving at the adverse credibility determination. *See Tu Lin,* 446 F.3d at 402 (2d Cir.2006).

The petition for review is therefore DE-NIED.